IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

El Paso Natural Gas Company, L.L.C.,

    Plaintiff and Counterclaim-Defendant,

v.

United States of America; et al.,

    Defendants and Counter-Claimants.

CASE NO.  3:14-cv-08165-DGC

**PROGRESS REPORT NO. 3 OF THE MEDIATOR**

1. By Order dated December 22, 2017 (Doc. 144), the Court granted the parties' joint motion for continuance (Doc. 143).  The Court was advised by the parties that the parties sought the additional time to further the prospect of a negotiated settlement if the parties could, by further study and evaluation at the mining sites in issue, receive greater clarity on what remedies might be required for the mine sites in issue.  The parties were to report their progress to the undersigned Mediator.  I was directed to provide quarterly progress reports to the Court beginning on March 1, 2018.  This is my third progress report.

2. There are 19 former mine sites operated by El Paso Natural Gas Company (EPNG)'s predecessor in interest. Two of them are "priority" sites.  On January 12, 2018, EPNG's consultant submitted draft Removal Site Evaluation (RSE) work plans for these two sites to the Environmental Protection Agency (EPA).  Those RSEs are now underway.  In addition, an Engineering Evaluation/Cost Analysis (EE/CA) will be undertaken.  An amendment to an Administrative Order on Consent (AOC) has been finalized for preparation of the EE/CA for the two "priority" mine sites.

3. The parties had their second mediation session with the undersigned on March 19, 2018. Experts on both sides participated in the process.  There was a useful information

exchange, and the dialogue brought into sharper focus the matters that the parties had to evaluate in deciding on their respective settlement positions.

    4. The parties had a third mediation session with the undersigned on June 22, 2018.

    5. The parties had scheduled a fourth mediation session with the undersigned on September 17, 2018 but that session has been rescheduled for October 23, 2018.

    6. EPNG has developed considerable amounts of cost information on remedial alternatives.  EPNG has had discussions with counsel at the Department of Justice and experts from the Department of Energy (DOE) regarding remedial costs.

    7. Remedial costs can vary dramatically depending upon items like a cleanup standard.  Hence, actual costs will not be determinable here until the remedial action(s) selected for the 19 mining sites are identified through the CERCLA remedy process.  That will take many more months, if not longer.  How the parties decide to deal with this uncertainty will determine whether the mediation can be successful at this juncture.

    8. Another progress report will be filed by the Mediator after the October 23, 2018 mediation.

Respectfully Submitted,

/s/ John M. Barkett
John M. Barkett
Mediator

cc:  Counsel of record